### Taylor, justice, *vs.* Benjamin.

Although a garnishment cannot issue on a distress warrant, yet where a garnishment was so issued and served, and the garnishee answered, admitting indebtedness, whereupon the justice rendered judgment for the amount admitted, collected the amount and paid it over to the plaintiff in the distress warrant, the judgment was merely erroneous; and the garnishee having made no objection, and the judgment having been executed, a rule would not lie in favor of the defendant in the distress warrant against the justice to compel the payment to such defendant of the amount so collected and paid.

March 23, 1886.

Garnishment. Distress Warrant. Justice Courts. Rule. Before Judge Adams. Effingham Superior Court. November Term, 1885.

Reported in the decision.

P. W. Meldrim; R. F. C. Smith; J. G. & D. H. Clark, for plaintiff in error.

A. C. Wright, by S. B. Adams, for defendant.

Blandford, Justice.

Lloyd Benjamin brought a rule against W. F. Taylor, in which he alleged that one Moore had sued out process of garnishment on a distress warrant, which had been issued at the instance of Moore against him, Benjamin, and one

Tison had been served with summons of garnishment in said garnishment suit, and he, Tison, had appeared and answered the summons, admitting that he owed the said Benjamin the sum of $18.45. The justice rendered judgment on said answer against Tison in favor of Moore for said sum admitted to be due Benjamin in his answer. The money was collected by the justice, Taylor, and paid over to Moore by him. After this, the rule was brought by Benjamin to compel the justice to pay him the amount collected from Tison and paid over to Moore, the plaintiff in garnishment, by the justice. The justice answered the rule, and the foregoing facts appeared. The court made the rule absolute, and to this judgment the justice excepted, and this is assigned as error.

Whether the decision and judgment of the justice against the garnishee, Tison, is error or not, it is a sufficient reply to say that the garnishee made no objection, and is not now objecting to said decision, and Benjamin cannot be heard to object for him. The money went to pay a debt which he owed Moore. In *Smith vs. Greene*, 34 *Ga.*, 178, this court held that a garnishment could not issue on a distress warrant. So the judgment was merely erroneous in this case, and as the justice had jurisdiction of the parties and the subject-matter, his judgment was good until reversed or set aside in some of the ways recognized by law. Having collected the money and paid it to Moore, the judgment was executed. Hence no rule would lie against the justice in such a case, under §3961 of the Code.

Judgment reversed.